IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE DAVID PARILLA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| M&M LAWN CARE, INC. | : | NO. 06-2858 |

MEMORANDUM

Bartle, C.J.                                                    July 12, 2007

        Plaintiff Jose David Parilla has sued the United States
under the Federal Tort Claims Act, 28 U.S.C. § 1346, for personal
injuries he suffered while performing landscaping services in the
Government's Philadelphia National Cemetery.  At the time,
plaintiff was an employee of M&M Lawn Care, Inc. ("M&M") which
had a contract with the United States to provide such services.
The United States has joined M&M as a third-party defendant and
seeks from it indemnity or contribution.

        Before the court is the motion of M&M for summary
judgment under Rule 56 of the Federal Rules of Civil Procedure
and the cross motion of the United States for partial summary
judgment.  M&M maintains that it is immune from liability to a
third party such as the United States under the Pennsylvania
Workers' Compensation Act, 77 Pa. Stat. Ann. §§ 1 et seq.  The
United States counters that M&M waived its immunity in their

contract.  There are no material facts in dispute.  <u>See</u> <u>Celotex</u>
<u>Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

The Pennsylvania Workers' Compensation Act provides in
relevant part:

> In the event injury or death to an employee
> is caused by a third party, then such
> employee ... may bring their action at law
> against such third party, but **the employer
> ... shall not be liable to a third party for**
> damages, **contribution, or indemnity** in any
> action at law, or otherwise, **unless liability
> for such** damages, **contributions or indemnity
> shall be expressly provided for in a written
> contract** entered into by the party alleged to
> be liable prior to the date of the occurrence
> which gave rise to the action.  (emphasis
> added)

77 Pa. Stat. Ann. § 481(b).

The Act provides an employee's exclusive remedy against
his employer for injuries sustained while acting within the
course of his employment.  77 Pa. Stat. Ann. §§ 411, 481(a).  The
Act, with a limited exception discussed below, bars a third party
from seeking indemnity or contribution from the employer for
injuries to one of the employer's employees even though the
employer's negligence may have contributed to the injury.  Thus,
a third party who may also have been negligent in causing the
employee's injuries not only must bear the full brunt of any
judgment in an action brought by the employee but also must pay
to the employer by way of subrogation any amount of the judgment
obtained by the employee to the extent necessary to reimburse the
employer for its workers' compensation payments to the employee.

-2-

77 Pa. Stat. Ann. § 671.[1]  Neither the Pennsylvania Comparative
Negligence Act, 42 Pa. Cons. Stat. Ann. § 7102, nor the Uniform
Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. Ann.
§ 8321, is applicable.  <u>Heckendorn v. Consolidated Rail Corp.</u>,
465 A.2d 609, 107 (Pa. 1983).

The Act, however, does permit a third party to sue an
employer if "liability for such damages, contributions or
indemnity shall be expressly provided for in a written contract
...."  77 Pa. Stat. Ann. § 481(b).  Accordingly, we must look to
the contract between M&M and the United States.  It reads:

> The contractor shall obtain all necessary
> licenses and/or permits required to perform
> this work.  He/she shall take all reasonable
> precautions necessary to protect persons and
> property from injury or damage during the
> performance of this contract.  He/she shall
> be responsible for any injury to
> himself/herself, his/her employees, as well
> as for any damage to personal or public
> property that occurs during the performance
> of this contract that is caused by his/her
> employees fault or negligence, and shall
> maintain personal liability and property
> damage insurance having coverage for a limit
> as required by the laws of the State of
> Pennsylvania.  Further, it is agreed that any
> negligence of the Government, its officers,
> agents, servants and employees, shall not be
> the responsibility of the contractor
> hereunder with regard to any claims, loss,
> damage, injury, and liability resulting
> therefrom.

---

1.  There is a deductible with respect to this reimbursement:
"The employer shall pay that portion of the attorney's fees and
other proper disbursements that the amount of compensation paid
or payable at the time of recovery or settlement bears to the
total recovery or settlement."  77 Pa. Stat. Ann. § 671.

The Pennsylvania precedents are quite clear that a general or blanket indemnity or contribution provision in a written contract is not sufficient to remove the immunity protection for an employer.  While reference to the waiver provision in the Act itself is not required, the waiver in a contract between employer and a third party must specifically provide for indemnity or contribution by the employer for claims of the employer's employees.  Shumosky v. Lutheran Welfare Services of Northeastern Pa., Inc., 784 A.2d 196, 202-04 (Pa. Super 2001); Bester v. Essex Crane Rental Corp., 619 A.2d 304, 307 (Pa. Super. 1993).  The Pennsylvania Superior Court has observed that "an asserted indemnification provision must be carefully scrutinized and strictly construed."  Shumosky, 784 A.2d at 203.  The court has further explained, "[t]hough specifically provided for in the statute, indemnification contracts in this context are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer."  Snare v. Ebensburg Power Co., 637 A.2d 296, 298 (Pa. Super. 1993).  Again, the indemnification, to be valid, must reference claims of injuries to the employer's employee.  Id. at 298.

With this background, we turn to the contract between M&M and the United States.  While it states that M&M shall be responsible for "any injury to ... his/her employees," it does not provide for indemnity to any third party.  The language can

-4-

only fairly be read as requiring M&M to carry workers' compensation insurance.

The contract further reads that "any negligence of the Government ... shall not be the responsibility of [M&M] hereunder with regard to any claims, loss, damage, injury, and liability resulting therefrom."  Nowhere does M&M assume specific responsibility to indemnify or pay contribution with respect to a claim by one of its own employees against the Government.  Indeed, it appears expressly to deny the responsibility to indemnify or pay contribution in a negligence claim against the Government, as is the case here.  As noted above, a blanket or general provision without specific mention of indemnification for this type of claim will not suffice to waive the employer's immunity from suit under the Workers' Compensation Act.

Accordingly, the motion of M&M for summary judgment will be granted and the cross motion of the United States for partial summary judgment will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE DAVID PARILLA          :          CIVIL ACTION
                            :
        v.                  :
                            :
UNITED STATES OF AMERICA     :
                            :
        v.                  :
                            :
M&M LAWN CARE, INC.          :          NO. 06-2858

ORDER

AND NOW, this 12th day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of M&M Lawn Care, Inc. for summary judgment against the United States of America is GRANTED;

(2)  the cross motion of the United States of America for partial summary judgment against M&M Lawn Care, Inc. is DENIED; and

(3)  judgment is entered in favor of M&M Lawn Care, Inc. and against the United States of America.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.